UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM BILL CARTER,<br>a/k/a WILLIAM BILLIE CARTER,<br>a/k/a WILLIAM BILLIE GENE CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>VALERIE HUHN,<br><br>Defendant. | Case No. 23-4053-CV-C-SRB-P |

## ORDER DISMISSING CASE

This is a civil rights case filed *pro se* pursuant to 42 U.S.C. § 1983 by an inmate at the Fulton State Hospital (SORTS Complex). Plaintiff claims that the sole Defendant, Valerie Huhn, who is the Director of the Missouri Department of Mental Health, "requires [him] to register as a sex offender in Callaway County even though [he] was never convicted of a sexual offense," thereby violating "his due process rights." Doc. 1, pp. 1-4 (complaint). Plaintiff seeks injunctive relief. *Id*. at 2, 5.

Pending before the Court is Defendant's motion to dismiss, Doc. 25, which is fully briefed. In considering Defendant's motion, the Court must determine whether Plaintiff has set out "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Twombly*).

Primarily, Defendant argues that dismissal is warranted because Plaintiff has failed to plead facts which show that he has suffered an injury in fact. Doc. 25, pp. 6-10 (motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction), citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ("[n]o concrete harm, no standing")). Defendant specifically argues:

> Carter has asserted no concrete harm. Even taking his allegations as true—particularly that: (1) Carter is a sexually violent predator; (2) Carter pled not guilty by reason of mental disease or defect to the charges of forcible sodomy, deviate sexual assault, and kidnapping; (3) the Director has required Carter to register as a sex offender in Callaway County; and (4) that Carter has never been convicted of a sexual offense—he has not pled the deprivation of any federal right. Indeed, Carter has a registration requirement under Missouri's sexual offender registration act, also known as Megan's law, because of his status as a sexually violent predator, and because he pled not guilty by reason of mental disease or defect to, *inter alia*, forcible sodomy. *See McDonald v. Javois*, 2011 WL 1375249, *3 (E.D. Mo. 2011) (Missouri's sex offender registration statute applies to persons who have been found not guilty by reason of mental disease or defect). Put simply, because Carter has a registration requirement under Missouri law, Carter's factual allegation that the Director has required him to register fails to show a concrete harm. And, "No concrete harm, no standing." *TransUnion*, 141 S. Ct. at 2200. At bottom, Carter pleads no "harm traditionally recognized as providing a basis for a lawsuit in American courts," and he therefore lacks standing. *TransUnion*, 141 S. Ct. at 2200.

Doc. 25, pp. 8-9 (certain citations omitted). The Court finds that Defendant's argument is supported by the facts and the law, and that this finding is unaltered by Plaintiff's opposing suggestions, *see* Doc. 30 (Plaintiff's suggestions in opposition to Defendant's motion to dismiss). Finally, for the reasons explained above, it is unnecessary for the Court to address Defendant's other bases for dismissal.

Accordingly, Defendant's motion to dismiss (Doc. 25) is granted as set out above, and Plaintiff's "Motion for Judicial Notice" (Doc. 29) and his sixth motion for appointed counsel (Doc. 31) are denied as moot. The Clerk of the Court shall enter judgment accordingly and dismiss this case.

So **ORDERED**.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2023